# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHIKA L. MAHDAVI, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:26-cv-555 |
| | § | Judge Mazzant |
| CHARLES SCHWAB & CO., INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Set Aside Entry of Default (Dkt. #9). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is an employment discrimination case. The Court will explain the facts regarding Plaintiff Shika Mahdavi's service of process, as those facts are relevant to resolving this Motion. Before filing suit, Plaintiff's counsel asked Defendant Charles Schwab & Co., Inc.'s counsel to waive service of process (Dkt. #9-1 at p. 6). Defendant's counsel responded that she was going on vacation for ten days, but would be able to waive service of process when she returned (Dkt. #9-1 at p. 5). Plaintiff then filed suit, and—instead of seeking a waiver of service—personally served Defendant's registered agent (Dkt. #10 at p. 1). Defendant's registered agent claims it has no record of receiving the Summons and Complaint (Dkt. #9 at pp. 2–3). However, Plaintiff provides substantial documentation, including photographs, showing that Plaintiff personally served Defendant's registered agent (Dkt. #5 at pp. 1–4).

Defendant did not file an answer. As such, Plaintiff requested an entry of default (Dkt. #6), and the clerk noted an entry of default on the docket (Dkt. #7). Plaintiff then filed a Motion for Default Judgment (Dkt. #8). Before the Court ruled on the Motion for Default Judgment, Defendant filed this Motion to Set Aside Default (Dkt. #9). Plaintiff filed a Response (Dkt. #10), Defendant filed a Reply (Dkt. #11), and Plaintiff filed a Sur-Reply (Dkt. #12).

## LEGAL STANDARD

"The Court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). The decision to set aside an entry of default is within the discretion of the district court. *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992); *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). Courts disfavor defaults as a matter of law, and, absent unique circumstances, any doubt should "be resolved in favor of the movant to the end of securing a trial upon the merits." *In re OCA, Inc.*, 551 F.3d 359, 371 (5th Cir. 2008) (citation modified); *see Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (footnote omitted) ("A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."). Moreover, a motion to set aside entry of default "is more readily granted than a motion to set aside default judgment." *In re OCA, Inc.*, 551 F.3d at 370 (footnote omitted).

When determining whether good cause exists, courts historically look to three factors: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice the adversary; and (3) whether a meritorious defense is presented. *Koerner v. CMR Constr. & Roofing, LLC*, 910 F.3d 221, 225 (5th Cir. 2018) (citation omitted). These factors are non-exhaustive, and the "ultimate inquiry" remains whether the defendant demonstrates good cause to set aside the default. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *In*

*re Dierschke*, 975 F.2d at 184 (outlining other factors that may demonstrate good cause). Even so, two factors can dispositive favor a default judgment on their own: if either the "default was willful or . . . [the] defendant failed to present a meritorious defense." *Scott v. Carpanzano*, 556 F. App'x 288, 293–94 (5th Cir. 2014) (per curiam) (citation omitted) (unpublished).

## ANALYSIS

Defendant has demonstrated good cause to set aside the clerk's entry of default. "To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner*, 910 F.3d at 225. The Court will consider each factor in turn.

### I. Willful Default

The Court finds that Defendant's default was not willful because Plaintiff's failure to respond, though negligent, was not intentional. "A willful default is an 'intentional failure' to respond to litigation." *Carpanzano*, 556 F. App'x at 294 (citations omitted). The Fifth Circuit has affirmed a district court's setting aside of default where the defendant's actions were merely negligent, as opposed to willful. *E.g.*, *Koerner*, 910 F.3d at 226. Here, Defendant's default was negligent, but it was not an "intentional failure" to respond. The facts indicate that Defendant's default was likely the result of an internal administrative failure by Defendant's registered agent for service of process (*See* Dkt. #9 at pp. 2–3). Defendant represents that it first learned of this action during the default judgment stage, and that Defendant's registered agent for service of process has no record of receiving the Summons or Complaint (Dkt. #9 at pp. 2–3). The Court finds that these facts do not establish an intentional failure to respond. *See Carpanzano*, 556 F. App'x at 294.

Plaintiff argues that this factor should weigh in favor of entering a default judgment because Defendant's default resulted from its own culpable conduct (Dkt. #10 at pp. 16–17). Specifically,

Plaintiff claims that once a plaintiff serves a defendant, "the corporation bears the responsibility for ensuring that the pleadings are timely forwarded to the appropriate individuals within the organization." (Dkt. #10 at p. 16). Plaintiff correctly describes a defendant's general duty to respond to litigation. But this broad description does not accurately describe the narrow set of circumstances under which a court will enter a default judgment. *See Ganther*, 75 F.3d at 212 (explaining that not every failure to respond will result in a default judgment).

In other words, the Court agrees with Plaintiff that Defendant neglected its obligation to respond to the pendent litigation (*See* Dkt. #10 at pp. 1–3). However, that failure to respond does not inherently result in a default judgment. *See Ganther*, 75 F.3d at 212. Seeing as Defendant's failure to respond was not willful, the Court finds that this factor weighs in favor of the Court finding good cause to set aside default. *See Carpanzano*, 556 F. App'x at 295.

## II. Prejudice to Defendant

The Court finds that Plaintiff will not be unduly prejudiced by setting aside the entry of default because Defendant acted expeditiously in correcting the error. There is "no prejudice to the plaintiff where the setting aside of the default has done no harm to the plaintiff except to require [her] to prove [her] case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (citation modified); *Bruce Copeland v. Bonner*, No. 3:13-CV-02440-P, 2014 WL 12743939, at *2 (N.D. Tex. Mar. 11, 2014) (citation omitted) ("[L]itigating the case on the merits does not amount to prejudice . . . ."). Moreover, "[i]n deciding a motion to set aside a default, a court may consider whether the defendant acted expeditiously to correct its default." *Owens-Illinois, Inc v. T & N Ltd.*, 191 F.R.D. 522, 529 (E.D. Tex. 2000) (citation omitted). Here, Defendant filed its Motion ten days after the clerk's entry of default (Dkt. #9 at p. 4). Defendant acted expeditiously, and therefore Plaintiff will not be overwhelmingly prejudiced by any delay in litigation. *See Owens*, 191 F.R.D. at 529. Plaintiff

will merely be asked to present her case, which does not amount to prejudice in itself. *See Lacy*, 227 F.3d at 293. As such, the Court finds that this factor also weighs in favor of the Court finding good cause to set aside the clerk's entry of default.

Plaintiff argues that if the Court sets aside the default, Plaintiff will be prejudiced by the costs she incurred to brief the Court on her requested damages in her Motion for Default Judgment (Dkt. #10 at p. 15). Because the Court can address these costs with a less-drastic remedy than a default judgment, the Court still finds that good cause exists to set aside the clerk's entry of default. *See* 10 Wright, Miller, & Kane, *Federal Practice and Procedure* § 2700 (3d ed. 1983) ("Imaginative and flexible use of the power to impose conditions on the granting of relief under Rule 55(c) can serve to promote the positive purposes of the default procedures without subjecting either litigant to their drastic consequences."). Consistent with several other courts within the Fifth Circuit, the Court will order Defendant to reimburse Plaintiff for her reasonable costs and fees incurred in connection with obtaining and setting aside the clerk's entry of default, including any costs Plaintiff incurred to brief the Court on damages. *See Bellinger v. CureWave Lasers, LLC*, No. 3:23-CV-844-M, 2023 WL 8360058, at *4 (N.D. Tex. Nov. 30, 2023) (ordering reimbursement after setting aside default); *St. Claire v. EnsureLink*, No. 3:01-CV-1548-G, 2001 WL 1568749, at *3 (N.D. Tex. Dec. 5, 2001) (same); *Blackhawk Paving, Inc. v. CPCM, LLC*, No. 4:20-CV-48-SDJ-CAN, 2021 WL 770614, at *6 (E.D. Tex. Feb. 10, 2021) (same); *Hartline Dacus Barger Dreyer LLP v. Hoist Lifttruck Mfg., Inc.*, No. 3:16-CV-1174-L, 2017 WL 366372, at *1 (N.D. Tex. Jan. 25, 2017) (same); *Coleman v. United Subcontractors, Inc.*, No. 3:14-CV-4174-L, 2016 WL 1129207, at *4 (N.D. Tex. Jan. 20, 2016) (same). In making this decision, the Court notes that Plaintiff provided substantial evidence that she properly completed her service of process on Defendant (*See* Dkt. #5 at pp. 1–4). Given

that Plaintiff did no more than comply with the federal rules in pursuing a default judgment, an order to reimburse fees is appropriate. *See Bellinger*, 2023 WL 8360058, at *4.

**III. Meritorious Defense**

The Court finds that Defendant has a meritorious defense because there is some possibility that the outcome of this suit, after a full trial, could result in Defendant's favor. "Presenting a meritorious defense is a low bar: the underlying concern is whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Obinyan v. Walgreens Spec. Phar. Holdings LLC*, No. 21-10294, 2022 WL 987183, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (citation modified) (unpublished). Here, Defendant claims that it terminated Plaintiff's employment for "legitimate, non-discriminatory, [and] non-retaliatory business reasons." (Dkt. #9 at p. 4). Specifically, Defendant claims that it terminated Plaintiff's employment due to Plaintiff acting inconsistent with Defendant's workplace harassment and discrimination policies (Dkt. #9-6 at p. 5). Under this defense, Defendant has demonstrated that it has some possibility of prevailing at trial, and therefore this factor supports a finding of good cause to set aside default. *See Obinyan*, 2022 WL 987183, at *3.

**IV. Good Cause**

Considering the three factors holistically, the Court finds good cause to set aside the clerk's entry of default. Defendant's default was negligent, but not willful. Plaintiff will not be prejudiced by setting aside entry of default, and any prejudice may be cured by Defendant reimbursing Plaintiff for its costs incurred from pursuing a default judgment. Moreover, Defendant has a meritorious defense that creates a possibility of Defendant prevailing at trial. In light of these factors, and noting that the Court favors a trial on the merits over a default judgment, the entry of default should be set aside. *See In re OCA, Inc.*, 551 F.3d at 370–71.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Set Aside Default (Dkt. #9) is hereby **GRANTED**.

It is further **ORDERED** that the Clerk's Entry of Default (Dkt. #7) is hereby **VACATED** and shall be considered void and of no effect.

It is further **ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. #8) is hereby **DENIED**.

It is further **ORDERED** that Defendant must reimburse Plaintiff for her reasonable costs and fees incurred in connection with obtaining and setting aside default. Counsel for Plaintiff and counsel for Defendant are directed to confer for the purpose of reaching an agreement, if possible, on the amount of fees incurred. Plaintiff shall file a motion for attorneys' fees and costs with the Court no later than Tuesday, November 24, 2026.

**IT IS SO ORDERED.**

**SIGNED this 5th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE